UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-61923-CIV-MORENO

ISAAC AFLALO,

    Plaintiff,

vs.

EUGENE WEINER,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This case arises from a single statement allegedly posted on Facebook. On July 13, 2017, Isaac Aflalo sued Eugene Weiner in state court, alleging defamation per se and intentional infliction of severe emotional distress. Aflalo claims that the alleged statement has caused financial loss, reputational damage, and physical and mental stress, and he seeks an unspecified amount of compensatory and punitive damages exceeding $15,000.

On September 20, Weiner's counsel—Scott Bassman—called Aflalo's counsel—Gary Rosenberg—to determine if Aflalo was seeking more than $75,000, which would make removal proper. The parties dispute what was said. Bassman claims that Rosenberg stated that his client was seeking damages "well in excess of $75,000." Rosenberg claims that he stated that he would argue at trial for damages in excess of $75,000, but only as puffing.

On September 29, Weiner removed the case to this Court on the basis of diversity jurisdiction. Aflalo now moves to remand the case to state court. There is no dispute that the parties are of diverse citizenship, but Aflalo argues that the jurisdictional amount-in-controversy is not met.

On a motion to remand, the removing party bears the burden of establishing jurisdiction. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The removal statute should be construed narrowly, with uncertainties resolved in favor of remand. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Where, as here, plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Tapscott*, 77 F.3d at 1356-57. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Here, it is not facially apparent from the complaint that the amount in controversy exceeds $75,000, as Aflalo alleged only that damages exceed $15,000. Thus, the Court looks to Weiner's notice of removal and other evidence relevant to the amount in controversy at the time the case was removed. Weiner relies on two pieces of evidence to support jurisdiction.

First, Weiner relies on his counsel's affidavit describing the phone call with Aflalo's counsel during which he allegedly stated that Aflalo is seeking more than $75,000. A defendant seeking removal may submit affidavits, declarations, or other evidence to meet his burden of showing a jurisdictional basis for removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). Further, the Court may consider evidence submitted after the removal petition, so long as the evidence pertains to the time of removal. *Sierminski v. Transouth Fin.*

*Corp.*, 216 F.3d 945, 949 (11th Cir. 2000); *see also Lazo v. U.S. Airways, Inc.*, No. 08-80391, 2008 WL 3926430, at *4 (S.D. Fla. Aug. 26, 2008) (Ryskamp, J.) (citing *AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 Fed. App'x 864, 866-67 (11th Cir. 2008)) (in response to motion to remand, defense counsel filed an affidavit attesting to conversation with plaintiff's counsel regarding amount of recovery sought). Here, the affidavits and emails submitted by the parties in briefing the motion to remand pertain to evidence directly relating to the amount in controversy at the time of removal. Thus, they may be considered by the Court.

Aflalo attacks the phone call evidence in three ways. First, he argues that Mr. Rosenberg stated that he would argue *at trial* for damages in excess of $75,000—not that his client was *seeking damages* "well in excess of $75,000." But, this small distinction makes no difference, as where else would Aflalo be seeking damages but at trial? Either statement makes it clear that the amount in controversy at the time of removal exceeds the jurisdictional minimum. Second, Aflalo argues that Mr. Bassman could not make any representations about Weiner or about the case during the call because he had not yet filed an appearance. Of course, this simply is not true as lawyers often represent clients without a notice of appearance in a particular proceeding, if there is a proceeding at all. Third, Aflalo argues that Mr. Rosenberg's comments were only meant as puffing concerning possible damages in the case. Generally, a settlement offer that contains little more than "puffing and posturing" should be afforded little weight, but a settlement offer containing specific information supporting a demand for damages is entitled to greater weight. *See Perez-Santos v. Target Corp.*, No. 13-24263, 2014 WL 11946883, at *1 (S.D. Fla. Jan. 23, 2014) (Williams, J.). However, here, Mr. Rosenberg's statements were not made in the settlement context. Rather, he was representing the amount of damages that Aflalo was seeking or would be seeking at trial. Thus, the Court affords the statement more weight than

mere puffing, but less weight than a demand supported with specific information. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) (standards for diversity jurisdiction give great weight to a plaintiff's assessment of the value of his case).

Other than the telephone call, Weiner also relies on Aflalo's refusal to stipulate to damages less than $75,000. Aflalo's refusal to stipulate the actual amount of damages does not, standing alone, support jurisdiction. *See Williams*, 269 F.3d at 1320. But, it should be considered when assessing the amount in controversy. *See Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009). Thus, Aflalo's refusal to stipulate to damages less than or equal to $75,000 strengthens Weiner's argument for removal.

Weiner has submitted evidence that proves the amount in controversy exceeds $75,000. Aflalo has had the opportunity to provide evidence that his damages do not exceed $75,000, but has failed to do so. Had Aflalo provided any evidence to refute the jurisdictional amount in controversy, Weiner may have had difficulty meeting his burden to establish jurisdiction. However, on multiple occasions, Aflalo's counsel has indicated that Aflalo is seeking more than $75,000. Thus, he took his chances that federal jurisdiction may be established. Weiner has met his burden in proving by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. Therefore, it is

**ORDERED AND ADJUDGED** that Aflalo's Motion to Remand is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27 of November 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

-4-